LAURENCE H. OLIVE, ESQ. (LO-5598)
128 Mott Street – Suite 706
New York, New York 10013
212-608-1818
212-608-0505 (fax)
Larry@Olivelaw1.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

SHUIFA YING.,

               Plaintiff,          CASE NO.
                               08 CIV. 4282 (PKC)

    -against-

CHINA CHEF, INC.,
SHIZHONG OU, and LIMING HUANG,
               Defendants.     **DEFENDANTS' NOTICE OF MOTION FOR DISMISSAL OR CHANGE OF VENUE**

---

**PLEASE TAKE NOTICE** that upon the annexed Affidavit of Shi Zhong Ou, Affirmation of Laurence H. Olive, Esq., and upon the accompanying Memorandum of Law in support of the motion, and the pleadings herein, defendants, by and through their undersigned attorney, Laurence H. Olive, Esq., file this Motion To Dismiss or for Change of Venue before the Honorable P. Kevin Castel as follows:

I.

Defendants are charged with one count of violating state and federal law as to payment of minimum wages, and a final count of discrimination and other various torts.

II.

Defendants seek to either dismiss plaintiff's claim pursuant to F.R.C.P 12(b) or to change the venue of these causes from the Southern District of New York to some other United States

District Court in the State of Alabama since Alabama is the more appropriate state where the claims should be heard.

### III.

Defendants seek dismissal pursuant to F.R.C.P. 12 (b)(1), (3) and (6) based upon lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.

### IV.

In the alternative, Defendants seek transfer pursuant to 28 U.S.C. §1404 based upon (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the location of relevant documents and the relative ease of access to those sources of proof; (4) the situs of the operative events in issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) judicial efficiency and the interests of justice.

For these reasons, Defendants respectfully request that this case either be dismissed or be transferred to the District of Alabama for trial.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: New York, New York
June 17, 2008

LAURENCE H. OLIVE, ESQ.
Attorney for Defendants
128 Mott Street – Suite 706
New York, NY 10013
(T)212-608-1818
(F)212-608-0505

- 2 -

LAURENCE H. OLIVE, ESQ. (LO-5598)
128 Mott Street – Suite 706
New York, New York 10013
212-608-1818
212-608-0505 (fax)
Larry@Olivelaw1.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

SHUIFA YING.,

                   Plaintiff,               CASE NO.
                                       08 CIV. 4282 (PKC)

    -against-

CHINA CHEF, INC.,
SHIZHONG OU, and LIMING HUANG,
                   Defendants.    **MEMORANDUM   OF   LAW   IN**
                                       **SUPPORT   OF   MOTION   FOR**
                                       **DISMISSAL OR CHANGE OF VENUE**

_____

TO: HONORABLE P. KEVIN CASTEL,
     Judge of the United States District Court for the Southern District of New York

     Defendants, by and through their undersigned attorney, Laurence H. Olive, Esq., file this

Memorandum of Law in Support of their Motion To Dismiss or for Change of Venue and would

show this Honorable Court as follows:

### I- DISMISSAL

     Plaintiff's complaint fails to establish to basis for federal court jurisdiction and venue.

Exhibit "A".  What is clear from the complaint is that the plaintiff with unstated residency

worked for the defendants in Alabama.  The defendants are residents of Alabama and were

served in Alabama.

Plaintiff's First Cause of Action seems to allege underpayment of wages in the amount of $33,241.40. This claim fails to meet the minimum damages requirement contained in 28 U.S.C. §1332(a) of $75,000.00. Plaintiff fails to allege in paragraph 7(b), (c) and (d) how claims for medical expenses, pain and suffering and disability support are violative of federal law. If anything, these potential claims should be filed as workers' compensation claims in Alabama.

Plaintiff's Second Cause of Action is a hodgepodge of claims with no specific statutory or constitutional citation. Plaintiff appears to allege some form of racial discrimination, involuntary servitude, false imprisonment and emotional distress.

Plaintiff fails to establish his residency so the Court must dismiss for lack of jurisdiction, and failure to state a claim upon which relief can be granted.

The only New York connection stated in the complaint is the medical treatment alleged to have been received in New York City in paragraph 3 of the complaint. Since it appears to be workers' compensation related, the expenses may be unauthorized by the workers' compensation carrier.

Plaintiff has violated F.R.C.P. 8(a)(1) by failing to state the grounds for federal court jurisdiction.

## II - CHANGE OF VENUE

The Court must weigh certain factors in determining the correct venue for this matter, should it not be dismissed. As per 28 U.S.C. §1404, those factors are as follows: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the location of relevant documents and the relative ease of access to those sources of proof; (4) the situs of the operative events in issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the

governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) judicial efficiency and the interests of justice.

Factor (1): the defendants and restaurant business in question are located or reside in Alabama.

Factor (2): presumably, most, if not all witnesses, are located in Alabama.

Factor (3): presumably, all relevant documents and proofs are in Alabama.

Factor (4): even plaintiff claims the operative events to have occurred in Alabama.

Factor (5): process for unwilling witnesses is more enforceable in Alabama.

Factor (6): the defendants cannot afford to litigate this matter out of state.

Factor (7): plaintiff alleges violation of state law – it must be Alabama law, so the Alabama Federal Courts would be more familiar with same.

Factor (8): the above cited factors would outweigh plaintiff's choice of New York.

Factor (9): judicial efficiency and interests of justice favor change of venue.


CONCLUSION

For the above stated reasons, it is respectfully requested that plaintiff's complaint be dismissed. In the alternative, it is requested that venue be transferred to a United States District Court in the State of Alabama.


Dated: June 22, 2008

_____
LAURENCE H. OLIVE, ESQ.
Attorney for Defendants

- 3 -

# EXHIBIT A

JUDGE CASTEL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

08 CIV 4282

------------------------------------------------------------X

SHUIFA YING,
Plaintiff,

v.

CHINA CHEF INC.,
SHIZHONG OU, and LIMING HUANG,
Defendants.

------------------------------------------------------------X

Index No.

COMPLAINT

RECEIVED
MAY 09 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff makes the following allegations:

1. From December 2003 to January 2008, Plaintiff SHUIFA YING worked for CHINA CHEF INC., a restaurant located at 27955 Highway 98 Ste U, Daphne, AL 36526, which, among other companies, is owned and controlled by Defendants SHIZHONG OU, and LIMING HUANG.

2. During all relevant time, Plaintiff worked as a cook under inhumane conditions 12 hours per day for monthly wage of $1500, which was adjusted to $2600 after four years of labor.

3. The intensity of harsh labor caused Plaintiff suffer spinal pain, diabetes and other medical problems. In March 2007 Plaintiff came to New York City seeking treatment to reduce severe back pain. In March 2008 Plaintiff had spine micro-discectomy surgery in The Mount Sinai Medical Center, located at One Gustave L. Levy Place, New York, New York 10029.

4. After the surgery, Plaintiff continues to seek other treatments in New York including acupuncture to alleviate pain. Because of the spinal pain and distortion, Plaintiff is no longer able to walk normally and is permanently disabled in that he is no longer able to provide labor to earn a living as he did before.

5. Because Defendants consider Plaintiff no longer useful in providing same high-intensity labor due to his much reduced health, Plaintiff was told not to return to his employment after the surgery.

6. To prevent Plaintiff redressing above damages and sufferings, Defendants detained Plaintiff's personal computer, clothes, passport, etc. so that his ability of movement and access to remedy may be confined.

## FIRST CAUSE OF ACTION

7. As a result of Defendants' knowing violation of state and federal law with regard to worker's protection and minimum wages, Plaintiff suffered following damages:
   a. Wages including over-time payment: $33,241.40 (Calculated based on over-time federal minimum wage for 188 working weeks.)
   b. Medical expense: $50,000 (Exact dollar amount upon amendment.)
   c. Pain and suffering: $100,000
   d. Disability support and severance: $240,000 (Life remainder expected for 30 years at $1,000 per month.)

## SECOND CAUSE OF ACTION

8. As a result of Defendants' tortious employment arrangement, Plaintiff suffered discrimination based on his race and/or national origin, which amounts to servitude in violation of Constitution.

9. As a result of Defendants' bad faith termination of employment, refusal to negotiate compensations for Plaintiff's over-due wages, medical expense, his pain and suffering, disability support and severance, and falsely imprisoning Plaintiff by means of detaining his traveling documents and personal belongings, Plaintiff is further damaged in the form of severe emotional distress intentionally inflicted by Defendants' outrageous acts.

10. For above torts, Plaintiff seeks award, including punitive damages, in the amount of $1,000,000.

Wherefore, Plaintiff demands judgment as follows:
1. In the First Cause of Action for the amount of $423,241.40.
2. In the Second Cause of Action for the amount of $1,000,000.
3. For such other relief as this Court may deem just and equitable.

Plaintiff hereby demands a trial by Jury.

By: _Frank Yu_

Frank Xu LLP
305 Broadway Ste 701
New York, NY 10007
Tel: 212/897-5866
Fax: 212/901-0499
*Attorney for Plaintiff*

LAURENCE H. OLIVE, ESQ. (LO-5598)
128 Mott Street – Suite 706
New York, New York 10013
212-608-1818
212-608-0505 (fax)
Larry@Olivelaw1.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

SHUIFA YING.,

                              Plaintiff,              CASE NO.
                                                      08 CIV. 4282 (PKC)

        -against-

CHINA CHEF, INC.,
SHIZHONG OU, and LIMING HUANG,
                              Defendants.          **AFFIDAVIT**

---

STATE OF ALABAMA: ss
COUNTY OF

        Under penalties of perjury, I, Shi Zhong Ou, do hereby swear and affirm as follows:

        1.      I make this Affidavit in support of the motion of all defendants to either dismiss

plaintiff's complaint, or to change the venue of the case to Alabama.

        2.      The plaintiff is married to my wife's older sister.

        3.      The plaintiff came to the United States in 2003 as an illegal alien.

        4.      At first, he worked in New Jersey, but would come to my home in Alabama for

the Chinese New Year.

        5.      My wife's mother and sister asked me and my wife (co-defendant Liming Huang)

to provide care, food and shelter to the plaintiff at our home in Alabama in 2006 .

6.      The plaintiff would come to the restaurant and help out, and we would pay him for whatever time he worked.

7.      During the time that he stayed with us, he discussed with me how he can obtain a legal status to stay in the United States of America. He told me that they only way for him to obtain a legal status would be to make illegal fraudulent documents and lie about the date he entered the US. I strongly disagreed with him and told him that making fraudulent documents and lying to an immigration judge is a serious offense,    but he  insisted that he should do it and left to New York to attend court regarding his immigration case on March of 2007.

8. His claims for outstanding wages and the like are completely false and without foundation.

9. During the plaintiff's residency in our home in Alabama, he borrowed $7,000.00 from me.  He also borrowed an additional $3,000.00 of my money through my mother in China.  None of these loans have been repaid.

10.  Both my wife (Li Ming Huang -- the co-defendant) and I reside in Alabama, and the business, China Chef, Inc. is also located in Alabama.

11.  All of our witnesses and evidence to rebut plaintiff's claims are in Alabama.

12.  It would be a hardship for my wife and me to have to litigate this claim in New York.

13.  My wife and I have read the allegations of the complaint, but they are confusing and difficult to understand.

For the above stated reasons, I respectfully request that complaint be dismissed or the entire matter be transferred to Federal Court in Alabama.

Sworn to and subscribed before me                    _____
this ___ day of June, 2008.                          Shi Zhong Ou

_____

6.    The plaintiff would come to the restaurant and help out, and we would pay him for whatever time he worked.

7.    During the time that he stayed with us, he discussed with me how he can obtain a legal status to stay in the United States of America. He told me that they only way for him to obtain a legal status would be to make illegal fraudulent documents and lie about the date he entered the US. I strongly disagreed with him and told him that making fraudulent documents and lying to an immigration judge is a serious offense, but he insisted that he should do it and left to New York to attend court regarding his immigration case on March of 2007.

8. His claims for outstanding wages and the like are completely false and without foundation.

9. During the plaintiff's residency in our home in Alabama, he borrowed $7,000.00 from me. He also borrowed an additional $3,000.00 of my money through my mother in China. None of these loans have been repaid.

10. Both my wife (Li Ming Huang – the co-defendant) and I reside in Alabama, and the business, China Chef, Inc. is also located in Alabama.

11. All of our witnesses and evidence to rebut plaintiff's claims are in Alabama.

12. It would be a hardship for my wife and me to have to litigate this claim in New York.

13. My wife and I have read the allegations of the complaint, but they are confusing and difficult to understand.

For the above stated reasons, I respectfully request that complaint be dismissed or the entire matter be transferred to Federal Court in Alabama.

Sworn to and subscribed before me this 19th day of June, 2008.

_Shi Zhong Ou_

_Diane Tarpey_

DIANE TARPEY
Notary Public, State of Alabama-  2 -
Alabama State At Large
My Commission Expires
January 17, 2010

LAURENCE H. OLIVE, ESQ. (LO-5598)
128 Mott Street – Suite 706
New York, New York 10013
212-608-1818
212-608-0505 (fax)
Larry@Olivelaw1.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SHUIFA YING.,

                              Plaintiff,                    CASE NO.
                                                           08 CIV. 4282 (PKC)

      -against-

CHINA CHEF, INC.,
SHIZHONG OU, and LIMING HUANG,
                              Defendants.        **AFFIRMATION OF COUNSEL**

I, Laurence H. Olive, Esq., declare under penalty of perjury as follows:

1. I represent the defendants in the within matter.

2. On June 18, 2008, I contacted plaintiff's attorney requesting an extension to file the within papers.

3. He requested a written submission. See attached.

4. On June 20, 2008, counsel indicated he had already filed for a default judgment and was not predisposed to consent to allow me to file out of time.

5. According to the Court docket, no default has been entered as yet.

6. Accordingly, I request the Court to consider my filing.

7. I will be filing courtesy copies of this submission with Chambers.

Dated: June 22, 2008

                                        LAURENCE H. OLIVE, ESQ.
                                        Attorney for Defendants

- 1 -

# LAURENCE H. OLIVE
ATTORNEY AT LAW

Larry@OLIVELAW1.com

——————————

Admitted in NJ & NY

**460 BLOOMFIELD AVENUE**
**MONTCLAIR, NEW JERSEY 07042**
**Tel: (973) 746 – 6623**
**Fax: (973) 746 – 6625**

**Web site: www.Olivelaw1.net**

128 Mott Street
New York, New York 10013
Tel: (212) 608 – 1818
Fax: (212) 608 - 0505

June 18, 2008  (Revised)

Frank Xu, LLP
305 Broadway
New York, NY 10007

Re: Shuifa Ying v. China Chef, etal

Dear Mr. Xu:

This will confirm my conversation with you wherein I confirmed that I will be representing the defendants in the above matter.  I have been so retained.

You have advised me that you have requested the entry of a default.  I have requested that sign a Consent Order to vacate the default.  Please let me know your decision by the end of business tomorrow. Otherwise, I will file a motion.

Thank you.

LHO:ho
Via fax: 212-901-0499

Yours very truly,

LAURENCE H. OLIVE

LAURENCE H. OLIVE, ESQ. (LO-5598)
128 Mott Street – Suite 706
New York, New York 10013
212-608-1818
212-608-0505 (fax)
Larry@Olivelaw1.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

SHUIFA YING.,

                                  Plaintiff,              CASE NO.
                                                          08 CIV. 4282 (PKC)

         -against-

CHINA CHEF, INC.,
SHIZHONG OU, and LIMING HUANG,
                                  Defendants.      **AFFIRMATION OF SERVICE**

---

I, Laurence H. Olive, Esq., declare under penalty of perjury that I have served a copy of

the attached Notice of Motion, Affirmation of Counsel, Affidavit of Defendant & Memorandum

of Law, upon   Frank Xu, LLP, 305 Broadway, Ste 701, New York, NY 10007 by regular mail.

Dated: New York, NY
        June  22, 2008

                                        LAURENCE H. OLIVE, ESQ.
                                        Attorney for Defendants
                                        128 Mott Street – Suite 706
                                        New York, NY 10013
                                        (T)212-608-1818
                                        (F)212-608-0505

LAURENCE H. OLIVE, ESQ. (LO-5598)
128 Mott Street – Suite 706
New York, New York 10013
212-608-1818
212-608-0505 (fax)
Larry@Olivelaw1.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

SHUIFA YING.,

                    Plaintiff,                          CASE NO.
                                                        08 CIV. 4282 (PKC)

        -against-

CHINA CHEF, INC.,
SHIZHONG OU, and LIMING HUANG,
                    Defendants.          **DEFENDANTS' NOTICE OF MOTION
                                         FOR DISMISSAL OR CHANGE OF
                                         VENUE**

---

**PLEASE TAKE NOTICE** that upon the annexed Affidavit of Shi Zhong Ou,

Affirmation of Laurence H. Olive, Esq., and upon the accompanying Memorandum of Law in

support of the motion, and the pleadings herein, defendants, by and through their undersigned

attorney, Laurence H. Olive, Esq., file this Motion To Dismiss or for Change of Venue before

the Honorable P. Kevin Castel as follows:

I.

Defendants are charged with one count of violating state and federal law as to payment of

minimum wages, and a final count of discrimination and other various torts.

II.

Defendants seek to either dismiss plaintiff's claim pursuant to F.R.C.P 12(b) or to change

the venue of these causes from the Southern District of New York to some other United States

- 1 -

District Court in the State of Alabama since Alabama is the more appropriate state where the claims should be heard.

### III.

Defendants seek dismissal pursuant to F.R.C.P. 12 (b)(1), (3) and (6) based upon lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.

### IV.

In the alternative, Defendants seek transfer pursuant to 28 U.S.C. §1404 based upon (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the location of relevant documents and the relative ease of access to those sources of proof; (4) the situs of the operative events in issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) judicial efficiency and the interests of justice.

For these reasons, Defendants respectfully request that this case either be dismissed or be transferred to the District of Alabama for trial.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: New York, New York
     June 17, 2008

LAURENCE H. OLIVE, ESQ.
Attorney for Defendants
128 Mott Street – Suite 706
New York, NY 10013
(T)212-608-1818
(F)212-608-0505

LAURENCE H. OLIVE, ESQ. (LO-5598)
128 Mott Street – Suite 706
New York, New York 10013
212-608-1818
212-608-0505 (fax)
Larry@Olivelaw1.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

SHUIFA YING.,

                        Plaintiff,                    CASE NO.
                                                      08 CIV. 4282 (PKC)


        -against-

CHINA CHEF, INC.,
SHIZHONG OU, and LIMING HUANG,
                        Defendants.          **MEMORANDUM     OF     LAW     IN
                                             SUPPORT     OF     MOTION     FOR
                                             DISMISSAL OR CHANGE OF VENUE**


_____


TO: HONORABLE P. KEVIN CASTEL,
     Judge of the United States District Court for the Southern District of New York

        Defendants, by and through their undersigned attorney, Laurence H. Olive, Esq., file this

Memorandum of Law in Support of their Motion To Dismiss or for Change of Venue and would

show this Honorable Court as follows:

### I- DISMISSAL

        Plaintiff's complaint fails to establish to basis for federal court jurisdiction and venue.

Exhibit "A". What is clear from the complaint is that the plaintiff with unstated residency

worked for the defendants in Alabama. The defendants are residents of Alabama and were

served in Alabama.

- 1 -

Plaintiff's First Cause of Action seems to allege underpayment of wages in the amount of $33,241.40. This claim fails to meet the minimum damages requirement contained in 28 U.S.C. §1332(a) of $75,000.00. Plaintiff fails to allege in paragraph 7(b), (c) and (d) how claims for medical expenses, pain and suffering and disability support are violative of federal law. If anything, these potential claims should be filed as workers' compensation claims in Alabama.

Plaintiff's Second Cause of Action is a hodgepodge of claims with no specific statutory or constitutional citation. Plaintiff appears to allege some form of racial discrimination, involuntary servitude, false imprisonment and emotional distress.

Plaintiff fails to establish his residency so the Court must dismiss for lack of jurisdiction, and failure to state a claim upon which relief can be granted.

The only New York connection stated in the complaint is the medical treatment alleged to have been received in New York City in paragraph 3 of the complaint. Since it appears to be workers' compensation related, the expenses may be unauthorized by the workers' compensation carrier.

Plaintiff has violated F.R.C.P. 8(a)(1) by failing to state the grounds for federal court jurisdiction.

## II - CHANGE OF VENUE

The Court must weigh certain factors in determining the correct venue for this matter, should it not be dismissed. As per 28 U.S.C. §1404, those factors are as follows: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the location of relevant documents and the relative ease of access to those sources of proof; (4) the situs of the operative events in issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the

governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) judicial efficiency and the interests of justice.

Factor (1): the defendants and restaurant business in question are located or reside in Alabama.

Factor (2): presumably, most, if not all witnesses, are located in Alabama.

Factor (3): presumably, all relevant documents and proofs are in Alabama.

Factor (4): even plaintiff claims the operative events to have occurred in Alabama.

Factor (5): process for unwilling witnesses is more enforceable in Alabama.

Factor (6): the defendants cannot afford to litigate this matter out of state.

Factor (7): plaintiff alleges violation of state law – it must be Alabama law, so the Alabama Federal Courts would be more familiar with same.

Factor (8): the above cited factors would outweigh plaintiff's choice of New York.

Factor (9): judicial efficiency and interests of justice favor change of venue.


CONCLUSION

For the above stated reasons, it is respectfully requested that plaintiff's complaint be dismissed. In the alternative, it is requested that venue be transferred to a United States District Court in the State of Alabama.


Dated: June 22, 2008

_____
LAURENCE H. OLIVE, ESQ.
Attorney for Defendants

# EXHIBIT A

*JUDGE CASTEL*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

08 CIV 4282

-----------------------------------------------X

SHUIFA YING,
Plaintiff,

Index No.

v.

COMPLAINT

CHINA CHEF INC.,
SHIZHONG OU, and LIMING HUANG,
Defendants.

-----------------------------------------------X

RECEIVED
MAY 0 9 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff makes the following allegations:

1. From December 2003 to January 2008, Plaintiff SHUIFA YING worked for CHINA CHEF INC., a restaurant located at 27955 Highway 98 Ste U, Daphne, AL 36526, which, among other companies, is owned and controlled by Defendants SHIZHONG OU, and LIMING HUANG.

2. During all relevant time, Plaintiff worked as a cook under inhumane conditions 12 hours per day for monthly wage of $1500, which was adjusted to $2600 after four years of labor.

3. The intensity of harsh labor caused Plaintiff suffer spinal pain, diabetes and other medical problems. In March 2007 Plaintiff came to New York City seeking treatment to reduce severe back pain. In March 2008 Plaintiff had spine micro-discectomy surgery in The Mount Sinai Medical Center, located at One Gustave L. Levy Place, New York, New York 10029.

4. After the surgery, Plaintiff continues to seek other treatments in New York including acupuncture to alleviate pain. Because of the spinal pain and distortion, Plaintiff is no longer able to walk normally and is permanently disabled in that he is no longer able to provide labor to earn a living as he did before.

5. Because Defendants consider Plaintiff no longer useful in providing same high-intensity labor due to his much reduced health, Plaintiff was told not to return to his employment after the surgery.

6. To prevent Plaintiff redressing above damages and sufferings, Defendants detained Plaintiff's personal computer, clothes, passport, etc. so that his ability of movement and access to remedy may be confined.

## FIRST CAUSE OF ACTION

7. As a result of Defendants' knowing violation of state and federal law with regard to worker's protection and minimum wages, Plaintiff suffered following damages:

     a. Wages including over-time payment: $33,241.40 (Calculated based on over-time federal minimum wage for 188 working weeks.)

     b. Medical expense: $50,000 (Exact dollar amount upon amendment.)

     c. Pain and suffering: $100,000

     d. Disability support and severance: $240,000 (Life remainder expected for 30 years at $1,000 per month.)

## SECOND CAUSE OF ACTION

8. As a result of Defendants' tortious employment arrangement, Plaintiff suffered discrimination based on his race and/or national origin, which amounts to servitude in violation of Constitution.

9. As a result of Defendants' bad faith termination of employment, refusal to negotiate compensations for Plaintiff's over-due wages, medical expense, his pain and suffering, disability support and severance, and falsely imprisoning Plaintiff by means of detaining his traveling documents and personal belongings, Plaintiff is further damaged in the form of severe emotional distress intentionally inflicted by Defendants' outrageous acts.

10. For above torts, Plaintiff seeks award, including punitive damages, in the amount of $1,000,000.

Wherefore, Plaintiff demands judgment as follows:

1. In the First Cause of Action for the amount of $423,241.40.
2. In the Second Cause of Action for the amount of $1,000,000.
3. For such other relief as this Court may deem just and equitable.

Plaintiff hereby demands a trial by Jury.

By: _Frank Yu_

Frank Xu LLP
305 Broadway Ste 701
New York, NY 10007
Tel: 212/897-5866
Fax: 212/901-0499
*Attorney for Plaintiff*

LAURENCE H. OLIVE, ESQ. (LO-5598)
128 Mott Street – Suite 706
New York, New York 10013
212-608-1818
212-608-0505 (fax)
Larry@Olivelaw1.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――

SHUIFA YING.,

                    Plaintiff,              CASE NO.
                                            08 CIV. 4282 (PKC)


        -against-


CHINA CHEF, INC.,
SHIZHONG OU, and LIMING HUANG,
                    Defendants.        **AFFIDAVIT**


―――――――――――――――――――

STATE OF ALABAMA: ss
COUNTY OF

        Under penalties of perjury, I, Shi Zhong Ou, do hereby swear and affirm as follows:

        1.      I make this Affidavit in support of the motion of all defendants to either dismiss

plaintiff's complaint, or to change the venue of the case to Alabama.

        2.      The plaintiff is married to my wife's older sister.

        3.      The plaintiff came to the United States in 2003 as an illegal alien.

        4.      At first, he worked in New Jersey, but would come to my home in Alabama for

the Chinese New Year.

        5.      My wife's mother and sister asked me and my wife (co-defendant Liming Huang)

to provide care, food and shelter to the plaintiff at our home in Alabama in 2006 .

6.      The plaintiff would come to the restaurant and help out, and we would pay him for whatever time he worked.

7.      During the time that he stayed with us, he discussed with me how he can obtain a legal status to stay in the United States of America. He told me that they only way for him to obtain a legal status would be to make illegal fraudulent documents and lie about the date he entered the US. I strongly disagreed with him and told him that making fraudulent documents and lying to an immigration judge is a serious offense,    but he  insisted that he should do it and left to New York to attend court regarding his immigration case on March of 2007.

8. His claims for outstanding wages and the like are completely false and without foundation.

9. During the plaintiff's residency in our home in Alabama, he borrowed $7,000.00 from me. He also borrowed an additional $3,000.00 of my money through my mother in China.  None of these loans have been repaid.

10.  Both my wife (Li Ming Huang – the co-defendant) and I reside in Alabama, and the business, China Chef, Inc. is also located in Alabama.

11.  All of our witnesses and evidence to rebut plaintiff's claims are in Alabama.

12.  It would be a hardship for my wife and me to have to litigate this claim in New York.

13.  My wife and I have read the allegations of the complaint, but they are confusing and difficult to understand.

For the above stated reasons, I respectfully request that complaint be dismissed or the entire matter be transferred to Federal Court in Alabama.

Sworn to and subscribed before me
this ___ day of June, 2008.

_____
Shi Zhong Ou

_____

- 2 -

6.    The plaintiff would come to the restaurant and help out, and we would pay him for whatever time he worked.

7.    During the time that he stayed with us, he discussed with me how he can obtain a legal status to stay in the United States of America. He told me that they only way for him to obtain a legal status would be to make illegal fraudulent documents and lie about the date he entered the US. I strongly disagreed with him and told him that making fraudulent documents and lying to an immigration judge is a serious offense,    but he insisted that he should do it and left to New York to attend court regarding his immigration case on March of 2007.

8. His claims for outstanding wages and the like are completely false and without foundation.

9. During the plaintiff's residency in our home in Alabama, he borrowed $7,000.00 from me. He also borrowed an additional $3,000.00 of my money through my mother in China. None of these loans have been repaid.

10. Both my wife (Li Ming Huang – the co-defendant) and I reside in Alabama, and the business, China Chef, Inc. is also located in Alabama.

11. All of our witnesses and evidence to rebut plaintiff's claims are in Alabama.

12. It would be a hardship for my wife and me to have to litigate this claim in New York.

13. My wife and I have read the allegations of the complaint, but they are confusing and difficult to understand.

For the above stated reasons, I respectfully request that complaint be dismissed or the entire matter be transferred to Federal Court in Alabama.

Sworn to and subscribed before me
this 19th day of June, 2008.

Shi Zhong Ou

DIANE TARPEY
Notary Public, State of Alabama
Alabama State At Large
My Commission Expires
January 17, 2010

- 2 -

LAURENCE H. OLIVE, ESQ. (LO-5598)
128 Mott Street – Suite 706
New York, New York 10013
212-608-1818
212-608-0505 (fax)
Larry@Olivelaw1.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————

SHUIFA YING.,

                    Plaintiff,                    CASE NO.
                                                  08 CIV. 4282 (PKC)

      -against-

CHINA CHEF, INC.,
SHIZHONG OU, and LIMING HUANG,
                    Defendants.          **AFFIRMATION OF COUNSEL**

———————————————————

I, Laurence H. Olive, Esq., declare under penalty of perjury as follows:

1.  I represent the defendants in the within matter.

2.  On June 18, 2008, I contacted plaintiff's attorney requesting an extension to file the within papers.

3.  He requested a written submission.  See attached.

4.  On June 20, 2008, counsel indicated he had already filed for a default judgment and was not predisposed to consent to allow me to file out of time.

5.  According to the Court docket, no default has been entered as yet.

6.  Accordingly, I request the Court to consider my filing.

7.  I will be filing courtesy copies of this submission with Chambers.

Dated: June 22, 2008

                                        _____
                                        LAURENCE H. OLIVE, ESQ.
                                        Attorney for Defendants

- 1 -

# LAURENCE H. OLIVE
## ATTORNEY AT LAW

Larry@OLIVELAW1.com

**460 BLOOMFIELD AVENUE**
**MONTCLAIR, NEW JERSEY 07042**
**Tel: (973) 746 – 6623**
**Fax: (973) 746 – 6625**

**Web site: www.Olivelaw1.net**

Admitted in NJ & NY

128 Mott Street
New York, New York 10013
Tel: (212) 608 – 1818
Fax: (212) 608 - 0505

June 18, 2008  (Revised)

Frank Xu, LLP
305 Broadway
New York, NY 10007

Re: Shuifa Ying v. China Chef, etal

Dear Mr. Xu:

      This will confirm my conversation with you wherein I confirmed that I will be representing the defendants in the above matter.  I have been so retained.

      You have advised me that you have requested the entry of a default.  I have requested that sign a Consent Order to vacate the default.  Please let me know your decision by the end of business tomorrow. Otherwise, I will file a motion.

      Thank you.

LHO:ho
Via fax: 212-901-0499

Yours very truly,

LAURENCE H. OLIVE

LAURENCE H. OLIVE, ESQ. (LO-5598)
128 Mott Street – Suite 706
New York, New York 10013
212-608-1818
212-608-0505 (fax)
Larry@Olivelaw1.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

SHUIFA YING.,

       Plaintiff,

  -against-

CHINA CHEF, INC.,
SHIZHONG OU, and LIMING HUANG,
       Defendants.

CASE NO.
  08 CIV. 4282 (PKC)


**AFFIRMATION OF SERVICE**

---

  I, Laurence H. Olive, Esq., declare under penalty of perjury that I have served a copy of

the attached Notice of Motion, Affirmation of Counsel, Affidavit of Defendant & Memorandum

of Law, upon  Frank Xu, LLP, 305 Broadway, Ste 701, New York, NY 10007 by regular mail.

Dated: New York, NY
   June  22, 2008

        LAURENCE H. OLIVE, ESQ.
        Attorney for Defendants
        128 Mott Street – Suite 706
        New York, NY 10013
        (T)212-608-1818
        (F)212-608-0505