LAURENCE H. OLIVE, ESQ. (LO-5598)
128 Mott Street – Suite 706
New York, New York 10013
212-608-1818
212-608-0505 (fax)
Larry@Olivelaw1.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

SHUIFA YING.,

|  |  |
|---|---|
| Plaintiff, | CASE NO.<br>08 CIV. 4282 (PKC) |
| -against- | |
| CHINA CHEF, INC.,<br>SHIZHONG OU, and LIMING HUANG,<br>Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISMISSAL OR CHANGE OF VENUE** |

_____

TO: HONORABLE P. KEVIN CASTEL,
    Judge of the United States District Court for the Southern District of New York

Defendants, by and through their undersigned attorney, Laurence H. Olive, Esq., file this

Memorandum of Law in Support of their Motion To Dismiss or for Change of Venue and would

show this Honorable Court as follows:

I- DISMISSAL

Plaintiff's complaint fails to establish to basis for federal court jurisdiction and venue.

Exhibit "A". What is clear from the complaint is that the plaintiff with unstated residency

worked for the defendants in Alabama. The defendants are residents of Alabama and were

served in Alabama.

Plaintiff's First Cause of Action seems to allege underpayment of wages in the amount of $33,241.40. This claim fails to meet the minimum damages requirement contained in 28 U.S.C. §1332(a) of $75,000.00. Plaintiff fails to allege in paragraph 7(b), (c) and (d) how claims for medical expenses, pain and suffering and disability support are violative of federal law. If anything, these potential claims should be filed as workers' compensation claims in Alabama.

Plaintiff's Second Cause of Action is a hodgepodge of claims with no specific statutory or constitutional citation. Plaintiff appears to allege some form of racial discrimination, involuntary servitude, false imprisonment and emotional distress.

Plaintiff fails to establish his residency so the Court must dismiss for lack of jurisdiction, and failure to state a claim upon which relief can be granted.

The only New York connection stated in the complaint is the medical treatment alleged to have been received in New York City in paragraph 3 of the complaint. Since it appears to be workers' compensation related, the expenses may be unauthorized by the workers' compensation carrier.

Plaintiff has violated F.R.C.P. 8(a)(1) by failing to state the grounds for federal court jurisdiction.

## II - CHANGE OF VENUE

The Court must weigh certain factors in determining the correct venue for this matter, should it not be dismissed. As per 28 U.S.C. §1404, those factors are as follows: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the location of relevant documents and the relative ease of access to those sources of proof; (4) the situs of the operative events in issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the

governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) judicial efficiency and the interests of justice.

Factor (1): the defendants and restaurant business in question are located or reside in Alabama.

Factor (2): presumably, most, if not all witnesses, are located in Alabama.

Factor (3): presumably, all relevant documents and proofs are in Alabama.

Factor (4): even plaintiff claims the operative events to have occurred in Alabama.

Factor (5): process for unwilling witnesses is more enforceable in Alabama.

Factor (6): the defendants cannot afford to litigate this matter out of state.

Factor (7): plaintiff alleges violation of state law – it must be Alabama law, so the Alabama Federal Courts would be more familiar with same.

Factor (8): the above cited factors would outweigh plaintiff's choice of New York.

Factor (9): judicial efficiency and interests of justice favor change of venue.

## CONCLUSION

For the above stated reasons, it is respectfully requested that plaintiff's complaint be dismissed. In the alternative, it is requested that venue be transferred to a United States District Court in the State of Alabama.

Dated: June 22, 2008

_____
LAURENCE H. OLIVE, ESQ.
Attorney for Defendants

# EXHIBIT A

*JUDGE CASTEL*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK** **08 CV 4282**

-------------------------------------------------------------------X

SHUIFA YING,
Plaintiff,

v.

CHINA CHEF INC.,
SHIZHONG OU, and LIMING HUANG,
Defendants.

-------------------------------------------------------------------X

Index No.

COMPLAINT

*RECEIVED
MAY 08 2008
U.S.D.C. S.D. N.Y.
CASHIERS*

Plaintiff makes the following allegations:

1. From December 2003 to January 2008, Plaintiff SHUIFA YING worked for CHINA CHEF INC., a restaurant located at 27955 Highway 98 Ste U, Daphne, AL 36526, which, among other companies, is owned and controlled by Defendants SHIZHONG OU, and LIMING HUANG.

2. During all relevant time, Plaintiff worked as a cook under inhumane conditions 12 hours per day for monthly wage of $1500, which was adjusted to $2600 after four years of labor.

3. The intensity of harsh labor caused Plaintiff suffer spinal pain, diabetes and other medical problems. In March 2007 Plaintiff came to New York City seeking treatment to reduce severe back pain. In March 2008 Plaintiff had spine micro-discectomy surgery in The Mount Sinai Medical Center, located at One Gustave L. Levy Place, New York, New York 10029.

4. After the surgery, Plaintiff continues to seek other treatments in New York including acupuncture to alleviate pain. Because of the spinal pain and distortion, Plaintiff is no longer able to walk normally and is permanently disabled in that he is no longer able to provide labor to earn a living as he did before.

5. Because Defendants consider Plaintiff no longer useful in providing same high-intensity labor due to his much reduced health, Plaintiff was told not to return to his employment after the surgery.

6. To prevent Plaintiff redressing above damages and sufferings, Defendants detained Plaintiff's personal computer, clothes, passport, etc. so that his ability of movement and access to remedy may be confined.

## FIRST CAUSE OF ACTION

7. As a result of Defendants' knowing violation of state and federal law with regard to worker's protection and minimum wages, Plaintiff suffered following damages:

      a. Wages including over-time payment: $33,241.40 (Calculated based on over-time federal minimum wage for 188 working weeks.)

      b. Medical expense: $50,000 (Exact dollar amount upon amendment.)

      c. Pain and suffering: $100,000

      d. Disability support and severance: $240,000 (Life remainder expected for 30 years at $1,000 per month.)

## SECOND CAUSE OF ACTION

8. As a result of Defendants' tortious employment arrangement, Plaintiff suffered discrimination based on his race and/or national origin, which amounts to servitude in violation of Constitution.

9. As a result of Defendants' bad faith termination of employment, refusal to negotiate compensations for Plaintiff's over-due wages, medical expense, his pain and suffering, disability support and severance, and falsely imprisoning Plaintiff by means of detaining his traveling documents and personal belongings, Plaintiff is further damaged in the form of severe emotional distress intentionally inflicted by Defendants' outrageous acts.

10. For above torts, Plaintiff seeks award, including punitive damages, in the amount of $1,000,000.

Wherefore, Plaintiff demands judgment as follows:

1. In the First Cause of Action for the amount of $423,241.40.
2. In the Second Cause of Action for the amount of $1,000,000.
3. For such other relief as this Court may deem just and equitable.

Plaintiff hereby demands a trial by Jury.

By: *Frank Yu*

Frank Xu LLP
305 Broadway Ste 701
New York, NY 10007
Tel: 212/897-5866
Fax: 212/901-0499
*Attorney for Plaintiff*

LAURENCE H. OLIVE, ESQ. (LO-5598)
128 Mott Street – Suite 706
New York, New York 10013
212-608-1818
212-608-0505 (fax)
Larry@Olivelaw1.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SHUIFA YING.,

                              Plaintiff,               CASE NO.
                                                   08 CIV. 4282 (PKC)

      -against-

CHINA CHEF, INC.,
SHIZHONG OU, and LIMING HUANG,
                          Defendants.     **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISMISSAL OR CHANGE OF VENUE**

TO: HONORABLE P. KEVIN CASTEL,
      Judge of the United States District Court for the Southern District of New York

Defendants, by and through their undersigned attorney, Laurence H. Olive, Esq., file this Memorandum of Law in Support of their Motion To Dismiss or for Change of Venue and would show this Honorable Court as follows:

### I- DISMISSAL

Plaintiff's complaint fails to establish to basis for federal court jurisdiction and venue. Exhibit "A". What is clear from the complaint is that the plaintiff with unstated residency worked for the defendants in Alabama. The defendants are residents of Alabama and were served in Alabama.

Plaintiff's First Cause of Action seems to allege underpayment of wages in the amount of $33,241.40. This claim fails to meet the minimum damages requirement contained in 28 U.S.C. §1332(a) of $75,000.00. Plaintiff fails to allege in paragraph 7(b), (c) and (d) how claims for medical expenses, pain and suffering and disability support are violative of federal law. If anything, these potential claims should be filed as workers' compensation claims in Alabama.

Plaintiff's Second Cause of Action is a hodgepodge of claims with no specific statutory or constitutional citation. Plaintiff appears to allege some form of racial discrimination, involuntary servitude, false imprisonment and emotional distress.

Plaintiff fails to establish his residency so the Court must dismiss for lack of jurisdiction, and failure to state a claim upon which relief can be granted.

The only New York connection stated in the complaint is the medical treatment alleged to have been received in New York City in paragraph 3 of the complaint. Since it appears to be workers' compensation related, the expenses may be unauthorized by the workers' compensation carrier.

Plaintiff has violated F.R.C.P. 8(a)(1) by failing to state the grounds for federal court jurisdiction.

## II - CHANGE OF VENUE

The Court must weigh certain factors in determining the correct venue for this matter, should it not be dismissed. As per 28 U.S.C. §1404, those factors are as follows: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the location of relevant documents and the relative ease of access to those sources of proof; (4) the situs of the operative events in issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the

governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) judicial efficiency and the interests of justice.

Factor (1): the defendants and restaurant business in question are located or reside in Alabama.

Factor (2): presumably, most, if not all witnesses, are located in Alabama.

Factor (3): presumably, all relevant documents and proofs are in Alabama.

Factor (4): even plaintiff claims the operative events to have occurred in Alabama.

Factor (5): process for unwilling witnesses is more enforceable in Alabama.

Factor (6): the defendants cannot afford to litigate this matter out of state.

Factor (7): plaintiff alleges violation of state law – it must be Alabama law, so the Alabama Federal Courts would be more familiar with same.

Factor (8): the above cited factors would outweigh plaintiff's choice of New York.

Factor (9): judicial efficiency and interests of justice favor change of venue.


## CONCLUSION

For the above stated reasons, it is respectfully requested that plaintiff's complaint be dismissed. In the alternative, it is requested that venue be transferred to a United States District Court in the State of Alabama.


Dated: June 22, 2008

_____
LAURENCE H. OLIVE, ESQ.
Attorney for Defendants

# EXHIBIT A

JUDGE CASTEL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK** 08 CV 4282

------------------------------------------------X

SHUIFA YING,
Plaintiff,

v.

CHINA CHEF INC.,
SHIZHONG OU, and LIMING HUANG,
Defendants.

------------------------------------------------X

Index No.

COMPLAINT

RECEIVED
MAY 0 8 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff makes the following allegations:

1. From December 2003 to January 2008, Plaintiff SHUIFA YING worked for CHINA CHEF INC., a restaurant located at 27955 Highway 98 Ste U, Daphne, AL 36526, which, among other companies, is owned and controlled by Defendants SHIZHONG OU, and LIMING HUANG.

2. During all relevant time, Plaintiff worked as a cook under inhumane conditions 12 hours per day for monthly wage of $1500, which was adjusted to $2600 after four years of labor.

3. The intensity of harsh labor caused Plaintiff suffer spinal pain, diabetes and other medical problems. In March 2007 Plaintiff came to New York City seeking treatment to reduce severe back pain. In March 2008 Plaintiff had spine micro-discectomy surgery in The Mount Sinai Medical Center, located at One Gustave L. Levy Place, New York, New York 10029.

4. After the surgery, Plaintiff continues to seek other treatments in New York including acupuncture to alleviate pain. Because of the spinal pain and distortion, Plaintiff is no longer able to walk normally and is permanently disabled in that he is no longer able to provide labor to earn a living as he did before.

5. Because Defendants consider Plaintiff no longer useful in providing same high-intensity labor due to his much reduced health, Plaintiff was told not to return to his employment after the surgery.

6. To prevent Plaintiff redressing above damages and sufferings, Defendants detained Plaintiff's personal computer, clothes, passport, etc. so that his ability of movement and access to remedy may be confined.

## FIRST CAUSE OF ACTION

7. As a result of Defendants' knowing violation of state and federal law with regard to worker's protection and minimum wages, Plaintiff suffered following damages:

     a. Wages including over-time payment: $33,241.40 (Calculated based on over-time federal minimum wage for 188 working weeks.)

     b. Medical expense: $50,000 (Exact dollar amount upon amendment.)

     c. Pain and suffering: $100,000

     d. Disability support and severance: $240,000 (Life remainder expected for 30 years at $1,000 per month.)

## SECOND CAUSE OF ACTION

8. As a result of Defendants' tortious employment arrangement, Plaintiff suffered discrimination based on his race and/or national origin, which amounts to servitude in violation of Constitution.

9. As a result of Defendants' bad faith termination of employment, refusal to negotiate compensations for Plaintiff's over-due wages, medical expense, his pain and suffering, disability support and severance, and falsely imprisoning Plaintiff by means of detaining his traveling documents and personal belongings, Plaintiff is further damaged in the form of severe emotional distress intentionally inflicted by Defendants' outrageous acts.

10. For above torts, Plaintiff seeks award, including punitive damages, in the amount of $1,000,000.

Wherefore, Plaintiff demands judgment as follows:

1. In the First Cause of Action for the amount of $423,241.40.

2. In the Second Cause of Action for the amount of $1,000,000.

3. For such other relief as this Court may deem just and equitable.

Plaintiff hereby demands a trial by Jury.

By: *Frank Yu*

Frank Xu LLP
305 Broadway Ste 701
New York, NY 10007
Tel: 212/897-5866
Fax: 212/901-0499
*Attorney for Plaintiff*