1  LAURENCE H. OLIVE, ESQ. (LO-5598)
2  128 Mott Street -- Suite 706
3  New York, New York 10013
4  212-608-1818
5  212-608-0505 (fax)
6  Larry@Olivelaw1.com

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

8  SHUIFA YING,

9                                     Plaintiff,        CASE NO.
10                                                      08 CIV. 4282 (PKC)
11         -against-
12

13  CHINA CHEF, INC.;
14  SHIZHONG OU, and LIMING HUANG,
15                                     Defendants.       MEMORANDUM OF LAW IN REPLY
                                                         TO PLAINTIFF'S OPPOSITION
16

17  TO: HONORABLE P. KEVIN CASTEL

18       Judge of the United States District Court for the Southern District of New York

19       Defendants, by and through their undersigned attorney, Laurence H. Olive, Esq., file this

20  Memorandum of Law in Reply to Plaintiff's opposition to defendants' Motion To Dismiss or for

21  Change of Venue and would show this Honorable Court as follows:

22                                    I- Rule 12(b) Challenge

23       Neither the plaintiff's complaint, nor counsel's memorandum of law, nor plaintiff's

24  Affidavit of August 6, 2008 satisfy the requirements necessary to survive a dismissal motion

25  based upon lack of personal jurisdiction. None of the plaintiff's pleadings even establish the

26  plaintiff's present residency.

- 1 -

The only New York contact established, without foundational support, is the allegation of medical treatment in New York City.

The plaintiff cannot survive the two step analysis required to confer jurisdiction in the Southern District of New York as set forth in **Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez**, 305 F.3d 120, 124 (2d Cir.2002). Step one requires a determination as to whether personal jurisdiction would be permitted under the New York State long-arm statute, namely CPLR §302. The plaintiff has failed to demonstrate that any of the defendants have either transacted business in New York, have committed any tortious acts within New York, regularly solicit business or engage in any conduct in New York, or own, use or possess any real property within New York. See CPLR §302(a)(1) to (4).

That being said, the Court is not required to analyze step 2, but if the Court does make that analysis, there are still no minimum contacts established by plaintiff that would overcome the due process violations of litigating in New York, when all contacts were in Alabama.

Curiously, counsel's Memorandum of Law contains statements and allegations not found in his client's Affidavit. For example, page 6 of the brief concedes that the plaintiff is related to the individual defendants, but there is nothing in his client's Affidavit on this issue.

Counsel's argument about CPLR §302(a)(3) is misplaced, since whatever injuries that are alleged took place in Alabama, not in New York. Medical treatment in New York does not confer long-arm jurisdiction.

## CONCLUSION

For the above stated reasons, it is respectfully requested that plaintiff's complaint be dismissed. In the alternative, it is requested that venue be transferred to a United States District Court in the State of Alabama.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

Dated: August 22, 2008

LAURENCE H. OLIVE, ESQ.
Attorney for Defendants

- 3 -