UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SHUIFA YING,

                        Plaintiff,                      08 Civ. 4282 (PKC)

        -against-                               MEMORANDUM
                                                         AND ORDER
CHINA CHEF, INC., SHIZ HONG OU
and LI MING HUANG,


                       Defendant.
-----------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff alleges that he worked for four years at a restaurant under inhumane conditions, has suffered injuries as a result of the work and was paid below the minimum wage. The restaurant is located in Daphne, Alabama. The corporation owning the restaurant, China Chef Inc., is headquartered in Alabama.[1] It is allegedly owned and controlled by defendants Shi Zhong Ou and Li Ming Huang, who are citizens or residents of Alabama. Defendants now move to dismiss for lack of personal jurisdiction and for failure to state a claim for relief. Alternatively, defendants seek to transfer the venue of the action to the District of Alabama, pursuant to 28 U.S.C. § 1404(a).

        For the reasons set forth below, the motion to transfer venue for the convenience of the parties and witnesses and in the interest of justice is granted. It is not necessary to reach the other prongs of defendants' motion. See, e.g. Totilo v. Herbert, 538 F.Supp.2d 638, 639 (S.D.N.Y. 2008). See also Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 112 (2d Cir. 2001) ("The district court has this power to transfer venue even if it lacks personal jurisdiction over the defendants.")

---

[1] The state of incorporation is not alleged in the complaint.

-2-

The factors to be considered in deciding whether to transfer under section 1404(a) include the following: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (quoting Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y.2002)) (alteration in D.H. Blair).

Here, plaintiff's entire employment relationship with defendants occurred in the District of Alabama. Defendant Shi Zhong Ou and Li Ming Huang are married and reside in Alabama. They assert that it is a hardship for them to litigate this case in New York. In aid of their motion, defendants have identified by name and address ten non-party witnesses to the events alleged in the complaint who reside in Daphne, Sarland or Mobile, all within the District of Alabama. Defendants assert that neither they nor the witnesses have the financial resources to travel to New York for a trial of this action.

Plaintiff's choice of forum is entitled to considerable weight. It also appears that the plaintiff does not have great resources. There is no claim by either side that there are many documents in this case. The defendants are amenable to service of process in Alabama and the action properly could have been commenced there. The locus of the operative facts is in the District of Alabama. Non-party witnesses who have personal knowledge of plaintiff's working conditions and hours of work are in Alabama and are subject to compulsory process there. The only non-party witnesses in New York are physicians who have examined or treated plaintiff. No claim has been made of their unwillingness to travel to Alabama for any trial of the action.

On balance, the convenience of the parties and witnesses and the interests of justice favor transfer to the district where this four year employment relationship existed.

Conclusion

Defendants' motion to transfer venue to United States District Court for the District of Alabama is GRANTED. The Clerk shall transfer the action.

SO ORDERED.

*[signature]*
P. Kevin Castel
United States District Judge

Dated: New York, New York
       August 29, 2008